IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SANTOS GOMEZ ALONZO,                    )
                                        )
            Petitioner,                 )
                                        )
        v.                              )
                                        )   1:25-cv-1587 (LMB/LRV)
                                        )
JOSEPH SIMON, JEFFREY CRAWFORD, and     )
    EXECUTIVE OFFICE FOR                )
    IMMIGRATION REVIEW,                 )
                                        )
            Respondents.                )

ORDER

Petitioner Santos Gomez Alonzo ("Alonzo"), a native and citizen of Guatemala, has filed

a two-count Petition for Writ of Habeas Corpus ("Petition") in which he asserts that he has been

illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and

Customs Enforcement ("ICE") since August 15, 2025.  Specifically, he alleges that his

characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus

subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration

and Nationality Act ("INA") (Count I) and his due process rights (Count II).

Alonzo is currently detained at the Farmville Detention Center ("FDC"), which is within

this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the Warden of

FDC.  Alonzo has also sued Joseph Simon, ICE Washington Field Office's Enforcement and

Removal Operations Director, and the Executive Office for Immigration Review (collectively

"the federal respondents").  For the reasons discussed in this Order, the Court finds that Alonzo

is detained pursuant to 8 U.S.C. § 1226(a).  Accordingly, Alonzo's Petition will be granted as to

Count II, and the respondents will be ordered to provide him with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a).[1]

## I.

Alonzo has resided in the United States since 2007. [Dkt. No. 1] at ¶ 40. He lives in Tacoma Park, Maryland with his two young U.S. citizen children, and he is the "primary breadwinner of his household." Id. ¶¶ 1, 40, 43. Throughout his time in the United States, Alonzo has maintained steady employment in construction and paid his taxes. Id. ¶ 43. He has also belonged to a church in Maryland for 14 years. Id. ¶ 43. Alonzo has no criminal history anywhere in the world. Id. ¶ 1; [Dkt. No. 2-1] at 2.

On August 15, 2025, "Enforcement and Removal Officers arrested Petitioner allegedly as the subject of a 'targeted enforcement action.'" [Dkt. No. 1] at ¶ 41. According to the Petition, the Enforcement and Removal Officers did not have a warrant at the beginning of the enforcement action and only issued a warrant after Alonzo identified himself as Guatemalan. Id. ¶ 42 n.3. On August 18, 2025, Alonzo was issued a Notice to Appear ("NTA"),[2] which charged him with being inadmissible to the United States—and therefore subject to removal—pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). [Dkt. No. 13] at 5; [Dkt. No. 2-2] at 3. Since he was detained, ICE has not set bond, and an IJ denied Alonzo's request for custody redetermination stating that it lacked jurisdiction to grant bond. [Dkt. No. 1] at ¶ 4–5, 16; [Dkt. No. 2-3] at 1.

---

[1] Because the Court is granting relief on due process grounds, it need not address Alonzo's claim for relief under the INA. Additionally, although the federal respondents do not address Alonzo's claim for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), the Court finds that Alonzo has no cognizable claim for attorney's fees because a habeas proceeding is not a "civil action" under the EAJA. Obando-Segura v. Garland, 999 F.3d 190, 195 (4th Cir. 2021); accord Luna Quispe v. Crawford, 1:25-cv-1471-AJT-LRV, Dkt. No. 17 at 6.

[2] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.

Alonzo filed his Petition for Writ of Habeas Corpus on September 22, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that Alonzo not "be removed or transferred from this district for any reason without this Court's permission." [Dkt. No. 3]. On September 26, 2025, Alonzo filed a Proposed Release Plan, indicating that he will reside at a fixed address in Maryland, where he has resided since 2022 with his wife and children. [Dkt. No. 9]. His Proposed Release Plan also indicates that a U.S. citizen friend has sworn that he will support Alonzo upon his release. Id. The federal respondents filed an opposition. [Dkt. No. 13]. Finding that oral argument will not aid in the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in Alonzo's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a).[3] The federal respondents contend that Alonzo's detention is governed by § 1225(b)(2). They maintain that whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." [Dkt. No. 13] at 9. According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal

---

[3] The federal respondents argue that 8 U.S.C. §§ 1252(b)(9) and 1252(g) divest this court of jurisdiction to review the legality of Alonzo's detention. [Dkt. No. 13] at 6–8. These jurisdictional arguments are the exact arguments this Court rejected in Hasan v. Crawford, 2025 WL 2682255, at *3–4 (E.D. Va. Sept. 19, 2025). For all of the reasons stated in Hasan, this Court finds that it possesses jurisdiction to entertain Alonzo's Petition to the extent he challenges the constitutionality of his detention.

3

proceedings. Id. at 9–10. Therefore, they argue that because Alonzo has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id. at 9.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[4] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025). This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL

---

[4] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order.

Because Alonzo has been present in the United States since 2007, and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Alonzo's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ at which the government must prove by clear and convincing evidence that he poses a danger to the community, or prove by a preponderance of the evidence that he is a flight risk, if the government seeks to continue detaining Alonzo. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless and until the government meets that burden, Alonzo's continued detention is unlawful.

## III.

For all the reasons stated above, Alonzo's Petition [Dkt. No. 1] is GRANTED, and it is hereby

ORDERED that Alonzo be released from custody, with all his personal property, pending his bond hearing before the IJ. Alonzo must live at the fixed address identified in his Proposed Release Plan and appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

ORDERED that respondents provide Alonzo with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents are ENJOINED from denying bond to Alonzo on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Alonzo has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Alonzo's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, cancel the hearing scheduled for October 3, 2025, and close this civil action.

Entered this 1st day of October, 2025.

Alexandria, Virginia

_____/s/ _____
Leonie M. Brinkema
United States District Judge

6